IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

REBECCA FOX,

       Plaintiff,             ORDER

 v.

                          13-cv-774-jdp

CAROLYN W. COLVIN,
Commissioner of the Social Security Administration,

       Defendant.

---

  Plaintiff Rebecca Fox seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Commissioner of Social Security, finding her not disabled within the meaning of the Social Security Act. The court held a hearing on Fox's motion for summary judgment on March 10, 2015. For reasons stated more fully at the hearing, the court will grant Fox's motion and remand the case to the Commissioner for further proceedings.

  Fox was not represented at her hearing before the ALJ, nor did she give a valid waiver of her right to counsel because the ALJ never discussed the ways in which a representative could assist her. *See Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Without a valid waiver, the ALJ had a heightened duty to develop the record. *Id.* Remand is necessary because the ALJ failed to fulfil this obligation, and because the court cannot conclude that the error was harmless. Fox produced mental health records that the ALJ did not, but should have, obtained to fill the almost two-year gap between the last treatment notes and the hearing. *See Nelms v. Astrue*, 553 F.3d 1093, 1099 (7th Cir. 2009). Although these records are generally unremarkable, it will be up to a medical expert to opine on their significance. The "snapshot" that was available to the ALJ provided too short a window from which to conclude that Fox was able to work, particularly in light of the waxing and waning nature of Fox's mental impairments. Moreover, Fox informed the ALJ that she had received treatment from two different therapists, but the ALJ had records

from only one of them. Without notes from the new therapist, the ALJ lacked a complete record on which to base a decision to deny benefits.

On remand, the ALJ must ensure that if Fox waives her right to counsel, she does so validly. The ALJ should also develop the record with regard to Fox's mental impairments and treatment history by:

- Obtaining records from each of her providers and ensuring that there are no obvious gaps in the medical evidence;

- Inquiring into Fox's other relevant mental health conditions, including the head injury that she suffered in a car accident in 1976; and

- Ensuring that any medical expert who testifies at a new hearing has access to a complete medical record.

On remand, the ALJ should also reanalyze Dr. King's opinion. The ALJ may not discount Dr. King's limitations by citing daily activities that do not correspond to Fox's ability to perform workplace activities. Fox's activities of daily living, including her travel and her caring for rescue animals, are done on her own schedule, and they do not necessarily demonstrate that she could handle the demands of full-time employment. This order does not mandate that the ALJ assign any particular weight to Dr. King's opinions, but he must provide an adequate explanation for the weight that he does assign. If the ALJ finds the opinion to be credible with regard to certain limitations, he must include those limitations in hypothetical questions to a vocational expert.

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Commissioner of Social Security, denying plaintiff Rebecca Fox's application for disability benefits is REVERSED

AND REMANDED. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered March 10, 2015.

BY THE COURT:

/s/
JAMES D. PETERSON
District Judge
